# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **LILA JEAN JENKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:20CV00058 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RUSSELL COUNTY SCHOOL BOARD** | ) | By: James P. Jones |
| **d/b/a RUSSELL COUNTY PUBLIC** | ) | United States District Judge |
| **SCHOOLS,** | ) | |
| | ) | |
| Defendant. | ) | |

*Thomas E. Strelka, L. Leigh R. Strelka, N. Winston West, IV, and Brittany M. Haddox,* STRELKA EMPLOYMENT LAW, *Roanoke, Virginia, for Plaintiff; Jennifer D. Royer,* ROYER LAW FIRM, P.C., *Roanoke, Virginia, for Defendant.*

In this civil case, the plaintiff asserts claims against her former employer for violation of the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). The defendant has moved to dismiss the ADA claim. For the reasons that follow, the motion will be granted.

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss. The plaintiff, Lila Jean Jenkins, worked for defendant Russell County School Board ("the School Board") for approximately 33 years, first as a teacher and later as principal of Castlewood High School. In June 2019, she was demoted to the position of Individual Student

Alternative Education Plan ("ISAEP") teacher.  Prior to her demotion, she consistently received positive performance reviews.

Jenkins' husband, Dennis Jenkins, suffers from back problems resulting from a workplace injury.  His health condition impairs several of his daily life activities, has led to several surgeries, requires continuing treatment, and at times necessitates care by a third party.

In September 2018, Dennis was hospitalized for severe back pain.  He underwent surgery in December 2018.  He developed sepsis and required a prolonged hospital stay.  He required another surgery in April 2019 and needed a third party to care for him while he recovered.

Prior to his April 24 surgery, Jenkins informed her supervisors, including Superintendent Gregory Brown, that she would need to take time off work to care for her husband.  In May 2019, Jenkins submitted completed FMLA forms requesting full-time primary caregiver leave until June 24, 2019, to be followed by intermittent leave until December 31, 2019.  Brown certified Jenkins' FMLA leave on May 13, 2019, effective that date.

Jenkins alleges that Brown and the chair of the School Board, Donald Ramey, "held a discriminatory animus against permitting Ms. Jenkins' FMLA leave to care for her spouse and were resistant to her use of FMLA leave."  Compl. ¶ 21, ECF No. 1.  She claims that "[a]s a result, [her] supervisors targeted [her],

discriminated and retaliated against her, and treated her unfavorably for exercising" her FMLA rights." *Id.* ¶ 22.

Three days after she began her FMLA leave, Brown gave Jenkins written notice that he would recommend to the School Board that she be immediately reassigned to a new position with a reduced salary. Brown wrote that he had decided to demote Jenkins based on her performance evaluations and conversations with her about them; the climate of the school and its faculty; his "engagement with various stakeholder groups, [his] personal observations, the manner in which [she had] handled various matters, and [his] overall view that [he had] lost faith in [her] ability to effectively lead Castlewood High School." Compl. ¶ 24. Jenkins avers that Brown's decision instead "stemmed from his incorrect belief that her exercise of her rights under the FMLA and the necessitated care for her disabled spouse would negatively impact her performance." *Id.* ¶ 26.

Upon receiving Brown's letter, Jenkins was removed from Castlewood High School's email listserv, and Assistant Principal Jarrod Sparks later prohibited school personnel from contacting Jenkins. Brown also placed restrictions on Brown's ability to attend school events.

During a June 6, 2019, School Board meeting, Ramey allegedly stated that he "would like to fire [Ms. Jenkins] for taking FMLA leave." *Id.* ¶ 31. On a different occasion, Brown allegedly stated to school board member Charlie

Collins, "I didn't do this to [Ms. Jenkins]. She did this to herself when she took FMLA leave." On June 7, 2019, Brown sent Jenkins a letter stating that the School Board had approved his recommendation to demote and reassign her. Later that month, Brown recommended that Jenkins be reassigned to an ISAEP teaching position at a 40% pay cut.

In Count III of her Complaint, Jenkins asserts a claim of discrimination in violation of the ADA. She alleges that her "association with her disabled spouse, related FMLA-qualifying leave, and false perception by [the School Board] that [her] performance would be affected by the fact that she had to provide care to her disabled husband caused [the School Board] to discriminate against [her]." Id. ¶ 63. The School Board has moved to dismiss this count, arguing that Jenkins has failed to state a claim for so-called association discrimination. The motion has been fully briefed and is ripe for decision.

II.

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court's "inquiry is to determine whether the facts alleged in the plaintiff's complaint are legally sufficient to state a claim upon which relief can be granted." *Fessler v. IBM Corp.*, 959 F.3d 146, 151–52 (4th Cir. 2020). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, [the court] assume[s] the truth of all facts

alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id.* at 152 (citation omitted). "To survive a motion to dismiss, [the court] require[s] 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The ADA, among other things, prohibits a covered employer from "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. §12112(b)(4). This section is known as the "association provision" of the ADA, and it is the section on which Jenkins bases her ADA claim.

While the Fourth Circuit has not expounded upon exactly what the association provision prohibits, the Seventh Circuit has identified three types of claims that can be brought under the provision. *Larimer v. IBM Corp.*, 370 F.3d 698, 700 (7th Cir. 2004). The first is where an employee suffers discrimination because her spouse or child has a disability that causes the employer to incur significant expenses under an employer-provided health plan (called an "expense" claim). The second, known as a "disability by association" claim, is where an employer's relative or companion has a communicable or heritable disease that the employer fears might be contracted or developed by the employee as well. The

third is type of claim, known as a "distraction" claim, is where "the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours." *Id.; see also Kelleher v. Fred A. Cook, Inc.*, 939 F.3d 465, 466 (2d Cir. 2019). Jenkins asserts that her ADA claim falls into this third category.

The allegations set forth in the Complaint simply do not state a plausible distraction claim under the ADA's association provision. Jenkins alleges that she was terminated just three days into her FMLA leave, at a time when she was not working. Given the pending summer break, she would not have returned to work for several months. Her allegations suggest that she was demoted for taking FMLA leave, not because she was distracted at work. *See Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 510 (3d Cir. 2009) ("Under the association provision, there is a material distinction between firing an employee because of a relative's disability and firing an employee because of the need to take time off to care for the relative.").

To the extent Jenkins contends that her supervisors assumed she would be distracted by her husband's disability at some future point when she returned from her FMLA leave, that contention is simply too attenuated and speculative to be plausible. It is at most a guess as to her supervisors' reasoning that is unsupported

by any factual allegations. Federal pleading standards require more than bare conclusions.

### III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss Count III of the Complaint, ECF Nos. 6 and 9, is GRANTED, and Count III is DISMISSED.

ENTER: April 14, 2021

/s/  JAMES P. JONES
United States District Judge