# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LILA JEAN JENKINS**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20CV00058 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **RUSSELL COUNTY SCHOOL BOARD d/b/a "RUSSELL COUNTY PUBLIC SCHOOLS**," | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*N. Winston West, IV*, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Plaintiff; *Jennifer D. Royer*, ROYER LAW FIRM, P.C., Roanoke, Virginia, for Defendant.

The plaintiff, a former high school principal employed by the defendant Russell County School Board (School Board), asserts a claim for damages based on alleged violations of the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, et seq. In the present matter before the court, the parties dispute the admissibility of alleged statements made by a board member and the school division superintendent in a closed session of the School Board, the alleged statements relating to the reason that the plaintiff was to be demoted. At a deposition of one of the then-board members, the School Board's counsel asserted a privilege against questions regarding such statements and answers by the deponent. The parties agreed to present the issue to the court for resolution. Fed. R. Civ. P. 30(c)(2) (providing that

a deponent may be instructed not to answer in order to preserve a privilege). The plaintiff thereafter filed a Motion to Compel, and the School Board filed a corresponding Motion for Protective Order. These motions have been briefed and orally argued and are ripe for decision.

In support of their respective motions, the parties have filed declarations of certain of the participants in the closed session, which have been placed under seal for the time being. The plaintiff filed a declaration of the deponent, in which he sets forth his version of the contested statements. The School Board filed the declarations of the superintendent, a board member, and the School Board's attorney, who was also present at the closed session. Safe to say, there is a dispute as to whether the statements in question were actually made. Counsel for both sides are aware of the contents of these declarations.

The School Board asserts two separate privileges — attorney-client privilege and a deliberative process privilege.[1] Because this case involves federal causes of

---

[1] During the deposition, counsel for the School Board first annunciated a privilege based on the fact that it was a closed session and later in the deposition relied upon the attorney-client privilege. In briefing, the School Board also refined the description of the closed session privilege to one based on "confidential deliberations within the governing body of a governmental entity." Mem. Supp. Def.'s Mot. 12, ECF No. 27. I find that the School Board did not waive any existing privilege under these circumstances. What was being objected to was clear to the parties, and the plaintiff was not prejudiced by any delay in naming the exact privileges relied upon. The fact that the School Board was in a permitted closed session did not alone provide it with a privilege. *Minke v. Page Cnty.*, No. 5:18-cv-82, 2019 WL 922249, at *2–3 (W.D. Va. Feb. 25, 2019). If any valid privilege exists, it belongs to the School Board as an entity, and not to individual board members. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49 (1985).

action, "[t]he common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege." Fed. R. Evid. 501.

The attorney-client privilege must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984) (internal quotation marks and citation omitted). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).

There is no question that the School Board's attorney was present during the closed session during which the statements by a board member and the superintendent were allegedly made. However, there is no presumption arising from the fact that an attorney-client relationship existed. *United States v. (Under Seal)*, 748 F.2d 871, 875 (4th Cir. 1984). The proponent must show that the relevant communication was for the purpose of receiving legal advice. *Id.* at 874.

In this case, I do not find that the School Board has shown that the specific statements allegedly made were for the purpose of obtaining legal advice. While the facts indicate that during the meeting members of the board sought legal advice from the attorney about the School Board's "reassignment decisions related to an employee who was on leave," Sealed Decl. ¶ 6, ECF No. 30-2, there has been no

showing that the statements in question were not simply expressions made to assist in the intra-board deliberation over those reassignment decisions.

The predecisional deliberative process privilege, the other privilege asserted, is a subset of the so-called executive privilege and protects the mental processes of government officials in arriving at an official decision. Paul F. Rothstein & Susan W. Crump, *Federal Testimonial Privileges* § 5:1 (2d ed. 2006). This, like other executive privileges, is only qualified. *Id*. at § 5:10. Here the court must balance (1) the interest of the School Board to ensure that prior to decision-making the members are able to freely engage in confidential discussions about sensitive matters with (2) the interest of the plaintiff in presenting relevant evidence about the reasons for her demotion. *See Talley v. City of Anaheim*, No. SACV 14-1863-DOC (RNBx), 2015 WL 13915999, at *6 (C.D. Cal. Jan. 5, 2015).

I find that the privilege, assuming that it exists here, must give way to the plaintiff's need for this evidence, which is central to her case. *See Castle v. Jallah*, 142 F.R.D. 618, 621 (E.D. Va. 1992) (finding that privilege is overcome after considering that evidence sought is "very important" to plaintiff's case). Moreover, refusing the privilege is less prejudicial to the School Board since it denies that the statements in question were made.

While the plaintiff in her motion sought further depositions as to the pertinent statements made in closed session, I find that the plaintiff does not need additional dispositions in light of the declarations filed in connection with the present motions.

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Protective Order, ECF No. 26, is DENIED;

2. The Motion to Compel, ECF No. 21, is GRANTED to the extent that the parties may introduce evidence of statements of the participants in the closed session of the School Board in question; and

3. The deadline for dispositive motions is extended to April 8, 2022.

ENTER: March 30, 2022

/s/  JAMES P. JONES
Senior United States District Judge